Chief Judge Cooke
(concurring). I concur in the result in this case. I write, however, because I believe that the majority’s studied silence on the matter overrules our recent decision, in People v Conyers (49 NY2d 174). There, relying on both the Federal and State Constitutions, we held that defendant’s postarrest silence could not be used against him, even in the absence of Miranda warnings. This rule was founded on the State’s implied promise not to use against a defendant the constitutionally guaranteed right to remain silent and on the rationale that it would be fundamentally unfair to permit the State to renege on that promise by later using that silence against him (People v Conyers, supra, at pp 179-180). Both due process and the privilege against self incrimination (NY Const, art I, § 6) prevented use of defendant’s postarrest silence for impeachment purposes. Moreover, we recognized the weak probative value of postarrest silence given its inherent ambiguity (id., at pp 181-182). In contrast to Conyers, the instant case does not involve postarrest silence. Defendant here freely chose to speak. Thus, Conyers is inapplicable. Since Jenkins v Anderson (447 US 231) does not compel a *683 different approach to that adopted in Conyers, I cannot join the majority opinion in this respect.